**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3690-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MACK E. MITCHELL,

    Defendant-Appellant.

_____

        Submitted February 11, 2019 – Decided  February 22, 2019

        Before Judges Fasciale and Rose.

        On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-05-0525.

        Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

        Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Mack E. Mitchell appeals from an April 2, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

For the first time on appeal, defendant argues:

> POINT I
>
> DEFENDANT'S [PCR] COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO SUBMIT FACTS REGARDING PLEA COUNSEL'S INEFFECTIVENESS TO THE PCR COURT FOR A PROPER DETERMINATION.
> (Not raised below)

In particular, defendant urges us to remand his petition to the PCR judge for the assignment of another PCR attorney, who can "properly advance [defendant's] arguments and provide the required support" to substantiate his ineffective assistance of counsel claims against plea counsel.

Like his claims against plea counsel, however, defendant has not supported his newly-minted claims against PCR counsel with a sworn statement "alleg[ing] facts sufficient to demonstrate counsel's alleged substandard performance." E.g., State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Nor has defendant specifically challenged the PCR judge's findings.

A-3690-17T1

Nonetheless, this appeal requires us to employ two standards: one governing claims of ineffective assistance of plea counsel, and another somewhat different standard, governing claims against PCR counsel. We briefly set forth each standard.

The legal principles governing our analysis of ineffective assistance of plea or trial counsel are well settled. When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence entitlement to the requested relief. State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts, which "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. To establish a prima facie claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable likelihood of success under the test set forth in Strickland v. Washington, 466 U.S. 668 (1984). That is, the defendant must show: (1) the deficiency of his counsel's performance; and (2) prejudice to his defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-pronged analysis in New Jersey) (Strickland/Fritz test). "[I]n order to establish

a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel.  He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, 321 N.J. Super. at 170.

Under the first prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

Employing this standard, we are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland/Fritz test.  We affirm for the reasons stated by Judge Joseph Paone in his thorough and well-reasoned oral decision. Defendant's arguments are without sufficient merit to warrant further discussion in our written opinion.  R. 2:11-3(e)(2).  We simply note defendant's sole argument on appeal does not even implicate the performance of trial counsel.

A-3690-17T1

We now turn our attention to defendant's argument that he was denied the effective assistance of PCR counsel, noting this claim was not raised before the PCR judge. The performance of PCR counsel is examined under a different standard than the standard applicable to trial or plea counsel. Regarding a claim that PCR counsel was ineffective, the Supreme Court has stated:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
>
> [State v. Webster, 187 N.J. 254, 257 (2006).]

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010) (citing State v. Rue, 175 N.J. 1, 4 (2002)).

"This relief is not predicated upon a finding of ineffective assistance of counsel under the relevant constitutional standard. Rule 3:22-6(d) imposes an

5

independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." Ibid. (citations omitted).

We determined in Hicks the defendant had failed to receive the benefit of the attorney's expertise, because the attorney limited his performance to re-presenting the arguments the defendant included in his own pro se petition; there was no evidence he conducted an independent evaluation of defendant's case to determine whether there were other grounds to attack defendant's conviction; and there were indications PCR counsel had not even reviewed the file, based on comments to the court in oral argument that betrayed ignorance of the essential facts of the underlying case. Id. at 374. We remanded for a new PCR proceeding. Id. at 375.

However, as we noted earlier, PCR counsel is not required to bolster claims raised by a defendant that are without foundation, but rather, only those "the record will support." Webster, 187 N.J. at 257. With this standard in mind, we consider defendant's arguments as they pertain to his assigned PCR counsel.

Defendant faults PCR counsel for failing to "advance any arguments in support of the[] assertions [in his brief] at oral argument" before the PCR judge. Defendant also contends PCR counsel failed to "provide[] Judge Paone with a

detailed certification demonstrating how exactly [defendant] was pressured to plead guilty or what PCR [sic] counsel failed to investigate . . . ."

Unlike in Hicks, where it was apparent that PCR counsel had failed to meet his obligations, we cannot conclude on the record before us that PCR counsel failed to discharge his proper responsibilities and that a remand for a new hearing is required. For example, defendant has not demonstrated how defendant's reliance on his brief at oral argument would have changed the outcome of Judge Paone's decision especially where, as here, PCR counsel filed a comprehensive written brief. Moreover, defendant did not assert his innocence or offer any documentary proof supporting his innocence.

Further, defendant has not alleged with even the slightest degree of specificity what other meritorious issues PCR counsel could or should have raised. He has not claimed PCR counsel failed to communicate with him or failed to investigate any claims against plea counsel "urged by" defendant. Webster, 187 N.J. at 257. It thus cannot be said that the meritless issues raised by PCR counsel were the result of his failure to engage in a reasonable investigation and effort, or instead whether the record simply failed to support a valid claim of ineffective assistance of trial counsel.

A-3690-17T1

Consequently, we discern no violation of the dictates of <u>Rue</u>, 175 N.J. at 4. We therefore conclude that defendant has failed to assert a cognizable claim of inadequate performance by PCR counsel under the <u>Hicks</u> test. <u>R.</u> 3:22-4(b)(2)(C).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3690-17T1